Dear Representative Barry:
This is in response to your request for an opinion which reads as follows:
 "Does a school board of education have the right and authority to grant permission to any organization to offer or distribute religious publications or material to any or all of the student body either inside of the educational facility or on the school grounds?"
Prior Attorney General's Opinion No. 265 (1969) dealt with a similar issue. There the question was whether a public school board could grant usage of classrooms to the Ministerial Alliance to conduct religious training. That opinion concluded that a school board could not allow its classrooms to be used for such a purpose. That conclusion was based on two points: (1) a school district may act only by express statutory authority or as is necessary to effectuate the purposes of its creation, and (2) the current version of Section177.031, RSMo 1969, which authorizes a school board to allow the free use of its buildings and grounds ". . . for any other civic, social and educational purpose that will not interfere with the prime purpose to which the houses, buildings and grounds are devoted . . . ." does not mention religious purposes among those permitted. As we stated in Opinion No. 265, this failure to include religious purposes is significant in light of the legislative history of that section since:
 "From 1881 until 1915, religious purposes were expressly mentioned as an authorized use of public school property. The reference to religious purposes was dropped in 1915. It is logical to assume, therefore, that the legislature intended in 1915 to revoke the authority previously given to allow the use of public school property for religious purposes."
In addition to the cases cited in that opinion, we would direct your attention to cases from other jurisdictions prohibiting the distribution of religious material on school premises: Tudorv. Board of Education of Borough of Rutherford, 100 A.2d 857 (N.J. 1953); Brown v. Orange County Board of Public Instruction,128 So.2d 181 (Fla.Ct.App. 1960); Goodwin v. Cross County School DistrictNo. 7, 394 F. Supp. 417 (D.C.Ark. 1973); Heltzer v. Board of PublicInstruction of Orange County, Florida, 548 F.2d 559 (5th Cir. 1977).
We believe the situation you describe of a school board authorizing the distribution of religious material on school grounds would be judged under the same legal principles used in Opinion No. 265. The distribution of religious publications or material is obviously a use of school property for a religious purpose. Since a school board has no statutory authority to allow school property to be used for religious purposes, we must conclude that authorizing the distribution of religious publications or material on school grounds would be unlawful.
While the advance of religious beliefs is considered by me and I believe by most people to be desirable, this office is compelled by the weight of the law to conclude that school boards may not allow the use of the public schools to assist in this effort. Opinion No. 265 (1969), Article IX, Section 8, and Article I, Section7 of the Missouri Constitution.
It should be noted that the prohibition against the use of public schools for religious purposes applies with equal force to the promotion of any and all religious organizations and thus may serve to protect the school children of this state from a wide variety of organizations, sects, or cults.
It is the opinion of this office that a board of education has no legal authority to grant permission to any organization to offer or distribute religious publications or material to any or all of the student body either inside the educational facility or on the school grounds.
Yours very truly,
 JOHN ASHCROFT Attorney General